**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **DR. JAMES HARDEN,** | |
| **Plaintiff,** | |
| v. | Case No. 12-2199 |
| **BOARD OF TRUSTEES EASTERN ILLINOIS UNIVERSITY et al.,** | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION**

Plaintiff Dr. James Harden, formerly an assistant professor of education at Eastern Illinois University (EIU), brings claims of race discrimination under Title VII and 42 U.S.C. § 1981 against the Board of Trustees of EIU (the Board); William Perry, EIU President; Blair Lord, EIU Provost; Diane Jackman, Dean of the EIU College of Education and Professional Studies; and Joy Russell, Chair of the Department of Early Childhood, Elementary and Middle Level Education. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question.

In May 2013, the Board filed a Motion to Dismiss Pursuant to Fed. R. Civ P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (#8). Defendants Perry, Lord, Jackman, and Russell filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(5) (#14). Plaintiff filed a response in opposition to both motions (#17) shortly thereafter.

After carefully reviewing the parties' arguments, this Court recommends that the Board's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (**#8**) be **GRANTED IN PART** and **DENIED IN PART** and Defendants Perry, Lord, Jackman, and Russell's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(5) (**#14**) be **GRANTED**.

## I. Background

In November 2010, Plaintiff filed a charge against EIU with the Equal Employment Opportunity Commission (EEOC). In his EEOC charge, Plaintiff alleged discrimination on the basis of race, occurring on April 9, 2010:

> I became employed by Respondent in or around April 2006. My current position is Assistant Professor. During my employment, I was reviewed and not granted tenure, despite performance comparable to non-Black colleagues who were granted tenure.
>
> I believe that I have been discriminated against because of my race, Black, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

(#1-1.)

Plaintiff, proceeding *pro se*, subsequently filed a Complaint with this Court alleging unlawful termination, hostile work environment and harassment, discriminatory pattern or practice, and failure to promote on the basis of race in violation of Title VII, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981. Plaintiff alleges that he suffered employment discrimination on the basis of race beginning in February 2010. He first alleges discriminatory pattern or practice. Plaintiff states that he routinely performed at or above departmental standards yet still received poor performance evaluations without proper justification. Plaintiff alleges that EIU expects persons of color to do more work and perform extra duties not demanded of their white counterparts. Next, Plaintiff alleges hostile work environment and harassment based on his race because he received reprimands and criticism without good cause. Finally, Plaintiff alleges that he was not promoted due to his race and was fired due to his race, although he does not specify when these events occurred or who was involved in these decisions. Based on his EEOC charge, it appears that EIU denied Plaintiff's request for tenure in April 2010 and fired him at some point after November 1, 2010, the date of the filing of his charge.

## II. Legal Standard

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings, though it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim," *see Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), such as EEOC charges cited in a Title VII complaint, *see Hall v. Walsh Constr. Co.*, No. 11 CV 08706, 2012 WL 3264921, at *1 n.4 (N.D. Ill. Aug. 9, 2012) (collecting cases); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (considering EEOC charge and affirming 12(b)(6) dismissal of defendant not named in EEOC charge). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

The Court construes a complaint submitted by a *pro se* plaintiff liberally and examines it less stringently than one drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis
#### A. The Board's Motion to Dismiss
**1. Section 1981 Claims**

The Board first argues that it is immune from lawsuits brought under Section 1981 because the Eleventh Amendment bars such claims against state agencies. The Eleventh Amendment shields states and state agencies from claims brought by citizens in federal court. *See* U.S. CONST. AMEND. XI. A federal court may hear a claim against a state if the state

consents to jurisdiction or Congress has abrogated the state's Eleventh Amendment immunity. *Ameritech v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002).

It is well established in the Seventh Circuit that Illinois state universities are state agencies subject to Eleventh Amendment immunity. *See Cannon v. Univ. of Health Sci./The Chi. Medical Sch.*, 710 F.2d 351, 357 (7th Cir. 1983). Although the Seventh Circuit has not yet addressed the status of EIU, this Court finds that EIU, like other Illinois "public universities," is a state agency for Eleventh Amendment purposes. *See* 110 ILCS 660-691 (statutes governing Illinois "public universities," including EIU, 110 ILCS 665); *Moore v. Watson*, 838 F. Supp. 2d 735, 753 n.26 (N.D. Ill. 2012) (collecting Seventh Circuit cases applying Eleventh Amendment immunity to other "public universities," such as Northern Illinois University and Western Illinois University).

The Board, the named Defendant here, likewise qualifies for Eleventh Amendment protections because it is "an agency of the state, which operates the school under state oversight." *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695-96 (7th Cir. 2007) (noting that, generally, state university boards of trustees "enjoy the same immunity from suit as the universities themselves" and explaining that state's control over board's finances and composition determine whether board is a state agency for Eleventh Amendment purposes); *see also* 110 ILCS 665/10-45(a)(5) (EIU Board oversees costs of University, which are charged to state treasury, unless paid by students); 110 ILCS 665/10-15 (governor selects all seven voting members of EIU Board). Therefore, Plaintiff's claims under Section 1981 must be dismissed because the Board has not consented to jurisdiction in this case, and Congress has not abrogated Eleventh Amendment immunity for claims arising under Section 1981. *See Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 640-41 (7th Cir. 2006), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 968 n.1 (7th Cir. 2013).

**2. Title VII Claims for Wrongful Termination, Hostile Work Environment and Harassment, and Discriminatory Pattern or Practice**

The Board next moves to dismiss Plaintiff's Title VII claims of wrongful termination, hostile work environment and harassment, and discriminatory pattern or practice because

Plaintiff failed to include them in his EEOC charge, and they are not like or reasonably related to the failure to promote claim alleged in the EEOC charge.

As a rule, a plaintiff may not advance a Title VII claim in court unless the plaintiff included the claim in his EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." (internal quotation marks omitted)). This rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted).

Nevertheless, a significant exception to the rule exists: a plaintiff may bring claims not included in his EEOC charge if they are "'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Moore*, 641 F.3d at 256 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore*, 641 F.3d at 257 (quoting *Cheek*, 31 F.3d at 501). The "like or reasonably related" standard is intended to be "a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (citing *Jenkins*, 538 F.2d at 167-68). A plaintiff need not "artfully draft the allegations in her EEOC charge" but "must at least have described, with some degree of specificity, the conduct she considered discriminatory." *See Cheek*, 31 F.3d at 502.

Plaintiff did not allege claims of wrongful termination, hostile environment and harassment, or discriminatory pattern or practice in his EEOC charge. Therefore, the question before the Court is whether these claims are like or reasonably related to the failure to promote claim included in the charge.

5

### a. Unlawful Termination

The Court first finds that, as currently alleged, Plaintiff's unlawful termination claim is not like or reasonably related to the allegations in his EEOC charge. Ordinarily, absent some factual connection, an allegation of discriminatory termination is not like or reasonably related to a failure to promote claim. *See Sutton v. Apple Inc.*, No. 10-CV-08176, 2011 WL 2550500, at *2 (N.D. Ill. June 23, 2011) ("[P]laintiff fails to show the requisite factual relation between her termination and defendant's alleged failure to promote her . . . ."); *Dixon v. Americall Grp., Inc.*, 390 F. Supp. 2d 788, 792 (C.D. Ill. 2005) (holding that a demotion decision during the course of employment was not like or reasonably related to the termination of employment). Here, Plaintiff was still employed as an assistant professor in November 2010, when he filed his EEOC charge that EIU failed to grant him tenure in April 2010 due to his race. Plaintiff's claim of unlawful termination, which alleges a discrete act of discriminatory conduct that occurred more than seven months after EIU's failure to promote him, does not appear to be like or reasonably related to his failure to promote claim. *See Moore*, 641 F.3d at 257 (explaining that, to be like or reasonably related, a claim "must, at minimum, describe the same conduct" as the EEOC charge (internal quotation marks omitted)).

However, if Plaintiff's eventual termination was a foregone conclusion upon his failure to gain tenure, then his unlawful termination claim would be like or reasonably related to his EEOC charge. It is unclear whether Plaintiff could have continued working at EIU as an assistant professor indefinitely, despite not having received tenure, or whether EIU only allowed Plaintiff to finish his contract after it denied him tenure. Therefore, the Court recommends that Plaintiff's claim of unlawful termination be dismissed with leave to amend, so that Plaintiff may clarify whether EIU terminated his employment because he did not gain tenure.

### b. Hostile Work Environment and Harassment

Plaintiff's claim of racial harassment is also not like or reasonably related to his failure to promote claim. Generally, a claim of harassment is not like or reasonably related to a charge containing a single, discrete allegation of disparate treatment. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111-12 (7th Cir. 1992) (finding racial harassment claim not like or reasonably related to charge alleging only discriminatory termination); *see also Vela v. Village of Sauk*

6

*Village*, 218 F.3d 661, 664 (7th Cir. 2000) ("Vela's claim of sexual harassment, stated in her complaint, is wholly diverse from the claim of disparate treatment described in her EEOC charge."). Plaintiff's claim of racial harassment, in which he alleges that he was reprimanded and falsely accused of misconduct due to his race, is not like or reasonably related to his claim that EIU denied him tenure due to his race. Therefore, the Court recommends that Plaintiff's racial harassment claim be dismissed.

### c. Discriminatory Pattern or Practice

To the extent Plaintiff alleges a pattern or practice of racial discrimination as a separate claim,[1] the Court finds that this claim is not like or reasonably related to his EEOC charge. A claim for discriminatory pattern or practice requires a plaintiff to "'show[] that an employer regularly and purposefully discriminates against a protected group.'" *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012) (quoting *Council 31, Am. Fed'n of State, Cnty. & Mun. Emps., AFL–CIO v. Ward,* 978 F.2d 373, 378 (7th Cir. 1992)). In his EEOC charge, Plaintiff alleges that he—and only he—suffered an adverse employment action based on his race. There is nothing in the EEOC charge to indicate that EIU systematically discriminated against other employees on the basis of race. *See Hamilton v. Summers*, 95 F. Supp. 2d 908, 912-13 (N.D. Ill. 2000) (dismissing a Title VII claim of discriminatory pattern and practice where administrative charge alleged only an individual adverse employment action). Therefore, the Court recommends that Plaintiff's pattern or practice claim be dismissed.

### 3. Title VII Failure to Promote Claim

The Board next contends that, even though Plaintiff included his Title VII failure to promote claim in his EEOC charge, Plaintiff fails to state a claim that EIU denied him tenure on the basis of his race.

The thrust of the Board's argument is that Plaintiff does not allege in his complaint that he was qualified for tenure or that he applied for tenure. The Board appears to refer to the

---

[1] "A pattern-or-practice claim is typically raised in a class action to show that an employer had a wide-ranging policy to discriminate against class members. Individual plaintiffs do sometimes use pattern-or-practice evidence to bolster their own disparate treatment claims as evidence of pretext." *Benjamin v. Katten Muchin & Zavis*, 10 F. App'x 346, 352 (7th Cir. 2001) (citation omitted). The Court expresses no opinion on the potential relevance of pattern and practice evidence to Plaintiff's failure to promote claim.

elements of a prima facie case established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which a plaintiff may raise an inference of discrimination by showing "1) he belongs to a protected class, 2) he applied for and was qualified for the position sought, 3) he was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff." *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). The Board argues that the second element of the prima facie case is absent and, therefore, that this Court should dismiss Plaintiff's claim.

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court rejected the argument that a plaintiff must allege the elements of the *McDonnell Douglas* prima facie case in order to state a claim of discrimination. *Id.* at 511-12; *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (explaining that this portion of *Swierkiewicz* remains good law, even after *Iqbal* and *Twombly*). Rather, "a complaint alleging . . . discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [a protected class]." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Plaintiff has satisfied this standard. First, the complaint states "Defendant failed to promote Plaintiff due to race." (#1, ¶ 10.) Second, throughout the complaint, Plaintiff alleges that during his period of employment he was performing at or above the level of his colleagues. Furthermore, the Court can infer from the complaint that Plaintiff was applying for tenure. Plaintiff refers to an evaluation period and the criteria for tenure on more than one occasion. For example, Plaintiff states, "Throughout the formative evaluation period plaintiff maintained 'Superior' service . . . as cited in the Department Application Criteria (DAC)." (#1, ¶ 11:1.2.)

The allegations in the complaint are sufficient to state a Title VII claim that EIU denied Plaintiff tenure on the basis of his race. Therefore, this Court recommends that the Board's motion to dismiss Plaintiff's Title VII failure to promote claim be denied.

### 4. Request for Punitive Damages Under Title VII

Lastly, the Board argues that, as an arm of the state, it cannot be held liable for punitive damages under Title VII. Pursuant to 42 U.S.C. § 1981a(b)(1), a plaintiff cannot recover punitive damages under Title VII against a "government, government agency or political

subdivision." As stated above, this Court recognizes the Board as an Illinois state agency and accordingly finds that Plaintiff cannot seek punitive damages against it. *See Miraki v. Chi. State Univ.*, 259 F. Supp. 2d. 727, 731-32 (N.D. Ill. 2003) (holding that plaintiff could not recover punitive damages under Title VII from Chicago State University).

### 5. Conclusion

To summarize the Court's conclusions on the Board's motion to dismiss, the Court recommends dismissing Plaintiff's Section 1981 claims and his Title VII claims of unlawful termination, harassment and hostile environment, and discriminatory pattern or practice, but granting Plaintiff leave to amend his unlawful termination claim. The Court recommends denying the Board's motion to dismiss Plaintiff's Title VII failure to promote claim. The Court also notes that Plaintiff cannot recover punitive damages under Title VII against the Board.

### B. Individual Defendants' Motion to Dismiss

### 1. Title VII Claims

Perry, Jackson, Lord, and Russell (Defendants) first contend that Plaintiff's Title VII claims fail because only employers, not individual employees, can be liable under Title VII. It is well-settled that employees cannot be personally liable for claims arising under Title VII. *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 772 n. 7 (7th Cir. 2006). Accordingly, the Court recommends dismissing Plaintiff's Title VII claims against Defendants.

### 2. Section 1981 Claims

In contrast with Title VII, discrimination claims against individual employees are cognizable under Section 1981. *See Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012). Defendants argue, however, that sovereign immunity bars Plaintiff's Section 1981 claims against them because Plaintiff's claims, in reality, are against EIU. Plaintiff does not specify whether he sues Defendants in their official or individual capacities. In the interest of broadly construing Plaintiff's *pro se* complaint, the Court evaluates the viability of Plaintiff's Section 1981 claims against Defendants in both their official and individual capacities.

An official capacity suit against an employee of a state agency is considered a lawsuit against the agency itself. *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). In the absence of congressional abrogation of sovereign immunity or a state's consent to suit, sovereign immunity bars official capacity claims, with the exception of claims for prospective relief. *See Council 31 of the Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012); *Ameritech Corp. v. McCann*, 297 F.3d 582, 587 (7th Cir. 2002) (permitting an official capacity claim that "'alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'" (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002))). Plaintiff, who requests "[a] declaratory judgment that Defendants have violated Plaintiff's right to be free from discrimination in the workplace," (#1, p. 6), does not seek prospective relief but, rather, a declaration that Defendants violated his rights under Section 1981 in the past. Therefore, sovereign immunity dooms Plaintiff's Section 1981 claims against Defendants in their official capacities.

Whether sovereign immunity shields Defendants from Section 1981 individual capacity claims is a more complicated question. As a general principle, sovereign immunity does not apply to individual capacity suits "because the plaintiff is seeking damages from individuals rather than from the state treasury." *Luder v. Endicott*, 253 F.3d 1020, 1022-23 (7th Cir. 2001). As Defendants correctly note, however, "even when a suit is against a public officer in his or her individual capacity, the court is obliged to consider whether it may really and substantially be against the state." *Id.* at 1023. An individual capacity suit is "really and substantially" against the state when the judgment would (1) "expend itself on the public treasury or domain," (2) "interfere with the public administration," or (3) "restrain the Government from acting, or . . . compel it to act.'" *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n. 11 (1984)).

Employment-related claims against state employees in their individual capacities may "expend [themselves] on the public treasury" and thus be subject to sovereign immunity because they seek damages associated with a state contract. The Seventh Circuit held in *Omosegbon v. Wells*, 335 F.3d 668 (7th Cir. 2003), that sovereign immunity barred a former professor's Section 1983 individual capacity claims against state university employees for failure to renew his

contract, where he sought "backpay and other forms of monetary compensation based on an employment contract." *Id.* at 673. The court thought "it so inescapable that any resulting judgment will be paid by the state rather than the individual defendants that [plaintiff's claim] b[ore] no resemblance to a bona fide individual capacity suit." *Id.*

The Court finds that the reasoning of *Omosegbon* applies here with equal force. Plaintiff seeks "monetary compensation" from Defendants in their individual capacities "based on [his] employment contract" with EIU. Consistent with *Omosegbon*, Plaintiff's individual capacity claims against Defendants are not "bona fide individual capacity suit[s]" and, instead, seek relief that would expend itself on the public treasury. Accordingly, sovereign immunity also bars Plaintiff's Section 1981 individual capacity claims against Defendants.[2]

### 3. Conclusion

Plaintiff cannot recover against the individual Defendants under Title VII, and sovereign immunity bars relief against them under Section 1981. Therefore, the Court recommends that Plaintiffs' claims against the individual Defendants be dismissed without leave to amend because Plaintiff cannot cure the flaws in these claims. The Court does not reach Defendants' remaining arguments in support of dismissal.

### IV. Summary

For the reasons stated above, this Court recommends that the Board's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (**#8**) be **GRANTED IN PART** and **DENIED IN PART**. As to the Board, the Court recommends dismissing all of Plaintiff's Section 1981 claims and his Title VII claims of unlawful termination, harassment and hostile work environment, and discriminatory pattern or practice. However, the Court recommends granting Plaintiff leave to amend his Title VII unlawful termination claim to clarify whether the termination of his employment was a foregone conclusion after he did not

---

[2] Neither party raises the question—currently unsettled in the Seventh Circuit—whether a plaintiff may bring a § 1981 claim directly against a state actor or, instead, must bring a § 1983 claim for violation of his rights under § 1981. *See Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 509 n.3 (7th Cir. 2012); *Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.*, No. 13 C 845, 2013 WL 4560231, at *2 (N.D. Ill. Aug. 28, 2013). This unresolved question of law does not affect the result here because sovereign immunity would bar Plaintiff's claims against Defendants, whether styled as § 1981 or § 1983 claims.

receive tenure.  The Court recommends that the motion to dismiss be denied as to Plaintiff's Title VII failure to promote claim.  Finally, the Court notes that Plaintiff cannot seek punitive damages against the Board under Title VII.

The Court recommends that Defendants Perry, Lord, Jackman, and Russell's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(5) **(#14)** be **GRANTED** and that Plaintiff's claims against the individual Defendants be dismissed without leave to amend.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21 Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 9th day of October, 2013.

                                                  s/DAVID G. BERNTHAL
                                     UNITED STATES MAGISTRATE JUDGE