E-FILED
Monday, 02 December, 2013  04:40:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DR. JAMES HARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 12-CV-2199 |
| BOARD OF TRUSTEES EASTERN | ) |
| ILLINOIS UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION**

On October 9, 2013, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#18) in the above cause. On October 23, 2013, Plaintiff, Dr. James Harden, filed a pro se Response (#19) to the Report and Recommendation, which was filed as an Objection. On October 25, 2013, Defendant Board of Trustees of Eastern Illinois University (EIU) filed a Response (#20) to Plaintiff's Response.

This court has carefully reviewed Judge Bernthal's thorough and well-reasoned recommendation, Plaintiff's pro se Response and Defendant's Response. This court agrees with Judge Bernthal's recommendation that the Motion to Dismiss (#14) filed by Defendants William Perry, Blair Lord, Diane Jackman and Joy Russell be GRANTED and that Plaintiff's claims against the individual Defendants be dismissed without leave to amend. This court also agrees with Judge Bernthal's recommendation that the Motion to Dismiss and Motion to Strike (#8) filed by Defendant Board of Trustees of EIU be GRANTED as to all of Plaintiff's § 1981 claims and his Title VII claims of unlawful termination, harassment and hostile work environment, and discriminatory pattern or practice and be DENIED as to

Plaintiff's failure to promote claim. In addition, this court agrees that Plaintiff cannot seek punitive damages against the Board under Title VII.

In his Report and Recommendation, Judge Bernthal noted that Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) alleged that he was discriminated against because of his race because he was reviewed and not granted tenure. Judge Bernthal stated that Plaintiff's EEOC charge included a failure to promote claim but did not include claims of wrongful termination, hostile environment and harassment, or discriminatory pattern or practice. Judge Bernthal therefore concluded that the claims of hostile work environment and harassment and discriminatory pattern or practice must be dismissed because they were not included in Plaintiff's EEOC charge and were not like or reasonably related to the failure to promote claim included in the EEOC charge. As far as Plaintiff's wrongful termination claim, Judge Bernthal concluded that, as currently alleged, the claim was not like or reasonably related to the allegations in his EEOC charge. Judge Bernthal then stated:

> However, if Plaintiff's eventual termination was a foregone conclusion upon his failure to gain tenure, then his unlawful termination claim would be like or reasonably related to his EEOC charge. It is unclear whether Plaintiff could have continued working at EIU as an assistant professor indefinitely, despite not having received tenure, or whether EIU only allowed Plaintiff to finish his contract after it denied him tenure. Therefore, the Court recommends that Plaintiff's claim of unlawful termination be dismissed with leave to amend, so that

> Plaintiff may clarify whether EIU terminated his employment because he did not gain tenure.

Plaintiff filed a pro se Response to Court's Recommendation (#19). Plaintiff stated that he was providing clarification of his claim of unlawful termination as requested by the court. Plaintiff then stated that EIU's "policy and practice is that tenure track faculty failing to attain promotion be dismissed, unless offered an alternative position, or granted a temporary appeal." Plaintiff stated that he was not offered an alternative position, or an appeal. Plaintiff went on to state that white faculty members within the department who failed to gain tenure were offered alternative positions and extended probationary periods. Plaintiff stated that "[i]ndeed, failure to attain tenure leads to termination of black employees and extended probationary periods/alternative position offerings for white employees."

Defendant filed a Response to Plaintiff's Response (#20). Defendant noted that Plaintiff's EEOC charge alleged that EIU failed to promote him or grant him tenure, it did not allege he was unlawfully terminated. Defendant argued that Plaintiff's Response was not an Objection to Judge Bernthal's recommendation, but was instead an attempt to provide the clarification that Judge Bernthal recommended be provided in an amended complaint. Defendant argued that Plaintiff's "clarification" demonstrated that his failure to promote claim was not reasonably related to any unlawful termination claim and that any amendment would be futile. Defendant argued that, according to Plaintiff, termination was "*not* a 'foregone conclusion' when an assistant professor is denied tenure." (Emphasis in original.) Defendant contended that Plaintiff "in essence, argues his employment subsequently ended *not* because he was denied promotion, but because he was an African-American that was treated differently than other white faculty that were denied promotion and were not

subsequently terminated." (Emphasis in original.) Defendant argued that, based upon Plaintiff's Response, "denial of tenure and termination of employment were two separate and discrete events." Defendant argued that Plaintiff has shown that his "failure to promote" claim and "unlawful termination" claim are not reasonably related so that his unlawful termination claim should be dismissed with prejudice.

A federal employment discrimination plaintiff generally is limited to pursuing the claims he made before the EEOC. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009), *citing Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see also Wallace v. Heartland Cmty. Coll.*, 2012 WL 1066884, at *3 (C.D. Ill. 2012). "The purpose of this requirement is two-fold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Teal*, 559 F.3d at 691. However, in addition to those claims which were included in a discrimination charge with the EEOC, Title VII plaintiffs may also litigate claims which are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Teal*, 559 F.3d at 691-92, *quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). In order for claims to be deemed related, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (emphasis in original); *see also Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011). This standard is a liberal one and "is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Teal*, 559 F.3d at 692.

In this case, there is no question that Plaintiff did not include his unlawful termination claim in his EEOC charge. In fact, Plaintiff's employment was not terminated until after he filed his EEOC charge. The issue before this court is whether Plaintiff's unlawful termination claim should be dismissed with prejudice, along with his other claims which were not included in the EEOC charge, or whether Plaintiff should be given an opportunity to file an amended complaint which provides allegations showing that his unlawful termination claim is reasonably related to his failure to promote claim. Judge Bernthal stated in his Report and Recommendation that Plaintiff could do this by clarifying "whether the termination of his employment was a foregone conclusion after he did not receive tenure." This court agrees with Defendant that Plaintiff's statements in his Response to the Report and Recommendation clearly state that his termination was not a "foregone conclusion" after he did not receive tenure but, instead, was a separate and discrete act of discrimination based on his race. This court also agrees with Defendant that allowing Plaintiff to amend his complaint under these circumstances would be futile. Because Plaintiff has shown that his unlawful termination claim is not reasonably related to his failure to promote claim, Plaintiff's claim must be dismissed with prejudice. *See Dixon v. Americall Group, Inc.*, 390 F. Supp. 2d 788, 791-92 (C.D. Ill. 2005) (termination of employment not like or reasonably related to EEOC charge alleging that he was discriminated against when he was demoted).

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#18) is accepted by this court.

(2) The Motion to Dismiss and Motion to Strike (#8) filed by Defendant Board of Trustees is GRANTED in part and DENIED in part. Defendant's Motion is granted as to all of Plaintiff's § 1981 claims. Defendant's Motion is also granted as to Plaintiff's Title VII

claims of unlawful termination, harassment and hostile work environment, and discriminatory pattern or practice. These claims are dismissed with prejudice because they were not included in Plaintiff's EEOC charge. In addition, Plaintiff's claim for punitive damages under Title VII is dismissed. Defendant's Motion is denied as to Plaintiff's Title VII failure to promote claim.

(3) The Motion to Dismiss (#14) filed by Defendants Perry, Lord, Jackman and Russell is GRANTED. Plaintiff's claims against these Defendants are dismissed with prejudice. Defendants Perry, Lord, Jackman and Russell are terminated as parties.

(4) This case will proceed as to Plaintiff's Title VII failure to promote claim only and is referred to Judge Bernthal for further proceedings.

ENTERED this 2nd day of December, 2013.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE